IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEXTER PAUL SAPPINGTON, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOOLEN, ET AL., )<br>    Defendants. ) | No. 1:24-cv-01177-SHM-tmp |

**ORDER GRANTING MOTION TO VOLUNTARILY DISMISS CASE (ECF NO. 4), GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS,* ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA, DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a), AND DIRECTING CLERK TO CLOSE CASE**

On August 19, 2024, Plaintiff Dexter Paul Sappington, Jr. filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Sappington filed his complaint, he was incarcerated at the Hardeman County Jail ("HCJ") in Bolivar, Tennessee. (ECF No. 1 at PageID 2.)

Sappington filed a motion on September 5, 2024, stating that he no longer wanted to proceed with his lawsuit. (ECF No. 4.) Sappington's application to proceed *in forma pauperis* and his motion to voluntarily dismiss case are before the Court for consideration, along with Sappington's § 1983 complaint. For the reasons that follow, Sappington's pending motions (ECF Nos. 2 & 4) are GRANTED and his § 1983 complaint (ECF No. 1) is DISMISSED.

Sappington sues Defendants: (1) John Doolen, Sheriff of Hardeman County; (2) Leonard Brown, a captain and administrator at HCJ; (3) Trina Smith, a lieutenant and administrator at HCJ; (4) Gina Pittman, a sergeant and administrator at HCJ; and (5) Jill Shearon, a nurse at HCJ. (*Id*.

at PageID 2.) Sappington seeks the restoration of his trustee credits from June 10, 2024, until today; his release from incarceration; one hundred and fifty thousand dollars ($150,000) in damages for his pain and suffering; and dental and medical treatment. (*Id*. at PageID 3.)

I.     ANALYSIS

   A.     **Motion to Dismiss**

The Court construes Sappington's request to withdraw his lawsuit as a motion to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a). *See Adams v. City of Memphis/Municipality and Police Officers of the Municipality*, No. 2:20-cv-02644, 2020 WL 7226145, at *2 (W.D. Tenn. Dec. 8, 2020) (construing a *pro se* motion to withdraw the complaint as a motion for voluntary dismissal based on language in the motion and a lack of articulated legal basis). Rule 41(a) provides, in pertinent part, as follows:

> (a) **Voluntary Dismissal.**
>    (1) *By the Plaintiff.*
>       (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>          (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>          (ii) a stipulation of dismissal signed by all parties who have appeared.
>       (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a).

Under Rule 41(a)(1)(A)(i), Sappington's motion (ECF No. 4) automatically effectuated dismissal of this case without prejudice because no opposing party had filed an answer to

Sappington's complaint. *See Bumpus v. Howard*, No. 3:19-cv-1081, 2021 WL 609264, at *1 (M.D. Tenn. Jan. 27, 2021) ("Because Defendants have not filed an [a]nswer to the . . . complaint or a [dispositive motion] in this action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Motion of Voluntary Dismissal sufficed to dismiss the claims against them without any action on the part of the Court"). Sappington's motion to voluntarily dismiss is timely because the Defendants in this case have not been served and have not answered or otherwise responded to the complaint. Sappington's motion to voluntarily dismiss case is GRANTED. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

**B.     Filing Fee**

As provided in the Prison Litigation Reform Act (the "PLRA"), a prisoner who "bring[s] a civil action . . . *shall* be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added)[1]. The obligation to pay the filing fee accrues when a case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by Lafountain v. Harry,* 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604.

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he Clerk shall collect from the parties such additional fees…as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $55 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is granting leave to proceed *in forma pauperis* in this case pursuant to the terms of the PLRA, Sappington is not liable for the additional $55 fee.

In this case, Sappington has submitted an *in forma pauperis* application (ECF No. 2) pursuant to 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is **GRANTED** in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is **ORDERED** that Sappington cooperate fully with prison officials in carrying out this order. It is further **ORDERED** that the trust account officer at Sappington's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Sappington's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of Court. If the funds in Sappington's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in Sappington's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Sappington's account the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further **ORDERED** that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Sappington's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Sappington's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since

the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 N. Main St., Rm. 242, Memphis, TN 38103

and shall clearly identify Sappington's name and the case number as included on the first page of this order.

If Sappington is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Sappington fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Sappington's prison. The Clerk is further **ORDERED** to forward a copy of this order to the warden of the penitentiary to ensure that the custodian of Sappington's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

If Sappington elects to pursue his claims in this case in the future, he must renew his pauper status or pay the remaining amount of the civil filing fee.

## II.   CONCLUSION

Sappington's application to proceed *in forma pauperis* (ECF No. 2) and his motion to dismiss (ECF No. 4) are **GRANTED**. The complaint (ECF No. 1) is **DISMISSED** in its entirety without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  The Clerk is **DIRECTED** to close the case.

IT IS SO ORDERED this _11th_ day of September, 2024.

                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE